IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VELISHA JENKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:13-CV-0340-D |
| VS. | § | |
| | § | |
| LNV CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Velisha Jenkins ("Jenkins") moves to remand this removed action, contending that the court does not have federal question jurisdiction. The court denies the motion.[1]

Defendants removed the case to this court based on federal question jurisdiction, citing Jenkins' third amended county court petition and asserting that she for the first time asserted a claim for violations of the Real Estate Settlement Procedures Act ("RESPA"). Jenkins moves to remand. In sum, she maintains that, because § 10 of RESPA does not provide a private right of action, she has not alleged a RESPA claim; instead, she says she is asserting RESPA violations as breaches of contract (the deed of trust), "which creates a claim for breach of contract for RESPA." Mot. Remand 2; *see also id.* at 6 ("In sum,

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Plaintiff['s] breach of contract claim does not implicate federal question jurisdiction.").

Jenkins' motion is incorrect in two fundamental respects. First, her third amended petition *does* allege a RESPA claim. Her first cause of action is labeled "RESPA Violations," not "Breach of Contract," 3d Am. Pet. ¶ V(A); she asserts acts of non-compliance with RESPA, *id.* at ¶ V(A)(21); and she seeks a remedy "under RESPA," *id.* at ¶ V(A)(22) ("Plaintiff seeks the damages and costs afforded [her] under RESPA."). The final paragraph of her "RESPA Violations" claim states:

> RESPA provides a private right of action for borrowers, and violators are liable for any actual damages to the borrower. Furthermore, RESPA permits a borrower to recover the costs of a successful action, including attorneys' fees. Plaintiff seeks the damages and costs afforded to [her] *under RESPA*.

*Id.* at ¶ V(A)(22) (citations omitted and emphasis added). Moreover, Jenkins alleges separate breach of contract claims, *see id.* at ¶ V(B) ("Breach of Contract and Anticipatory Breach of Contract"), which undermines her assertion that she is alleging RESPA violations as a basis for a claim that defendants breached the deed of trust.[2]

Second, Jenkins' suggestion that she has not alleged a federal question claim because § 10 of RESPA does not provide a private right of action is also incorrect. The question is whether her well-pleaded complaint alleges a claim under RESPA, not whether the claim has merit. *See, e.g.*, *Beiser v. Weyler*, 284 F.3d 665, 671 (5th Cir. 2002) ("Whether the district court has jurisdiction can be determined from the face of the plaintiff's well-pleaded

---

[2]It is difficult for the court to fathom how Jenkins could assert in her motion to remand that her third amended petition does not allege a RESPA claim.

complaint—from the pleading itself, without the requirement of evidence *or a merits inquiry*." (internal quotation marks omitted and emphasis added)).

In denying Jenkins' motion, the court advises the parties that, if Jenkins seeks and obtains leave of court to amend her petition to drop all federal-law claims and assert only state-law claims, the court will likely remand the case to county court. The court notes that it almost invariably remands removed cases where it lacks diversity jurisdiction and the federal-question claims drop out early in the case.

* * *

Jenkins' February 22, 2013 motion to remand is denied.

**SO ORDERED**.

May 15, 2013.

                                            _____
                                            SIDNEY A. FITZWATER
                                            CHIEF JUDGE